1    **WO**

2

3

4

5

6                        IN THE UNITED STATES DISTRICT COURT

7                            FOR THE DISTRICT OF ARIZONA

8

9    Millicent A McNeil,                          No. CV-23-00966-PHX-DLR

10                     Plaintiff,                  **ORDER**

11   v.

12   Maxim Healthcare Services, et al.,

13                     Defendants.

14

15

16          At issue is Defendants Maxim Healthcare Services, Inc. and Maxim Healthcare

17   Staffing Services, Inc.'s motion to dismiss self-represented Plaintiff Millicent A. McNeil's

18   amended complaint. (Doc. 16.) The motion is fully briefed. (Docs. 20-21.) For reasons

19   explained below, the Court grants Defendants motion to dismiss, but affords Plaintiff

20   limited leave to amend.

21   **I.      Background**[1]

22          Defendants hired Plaintiff as a special education teacher in 2017 and assigned her

23   to an alternative school serving emotionally disabled students, including those with high-

24   risk behaviors. Multiple times between November 2018 and February 2019, Plaintiff was

25   physically assaulted by a male student, resulting in injuries that required physical therapy

26   and a diagnosis of post-traumatic stress disorder ("PTSD"). She claims that throughout the

27          ─────────────
           [1] The following summary is derived from the amended complaint (Doc. 10) and
28   presumed true for purposes of this order. *See Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th
     Cir. 2009).

1    remainder of 2019 and 2020, Defendants denied her requests for disability-related

2    accommodations, such as time off, reassignment to a different school, removal of the

3    student from her classroom, a safety escort, and certain trainings recommended by her

4    medical providers. In February 2021, Plaintiff received a permanent partial impairment

5    award from the Industrial Commission of Arizona ("ICA"). She claims that Defendants

6    retaliated against her by asking the ICA to revoke her award, withholding award payments,

7    and by refusing to complete forms confirming her employment for purposes of the Public

8    Service Loan Forgiveness program.

9          On December 20, 2021, Plaintiff filed a Charge of Discrimination ("Charge") with

10   the Equal Employment Opportunity Commission ("EEOC").[2] The Charge named Maxim

11   Healthcare Services as the respondent; it did not name Maxim Healthcare Staffing

12   Services. The Charge accused Maxim Healthcare Services of violating the Americans with

13   Disabilities Act ("ADA") by denying her a reasonable accommodation for her disabilities.

14   (Doc. 16 at 18.)

15         Plaintiff received a Notice of Right to Sue letter from the EEOC on February 28,

16   2023, informing her that the EEOC had determined not to proceed further with an

17   investigation and advising that she had 90 days in which to file a lawsuit. (Doc. 10 at 5,

18   20.) Plaintiff filed this action on May 30, 2023 (Doc. 1) and amended her complaint on

19   August 29, 2023 (Doc. 10). In her amended complaint, Plaintiff accuses Defendants of

20   violating the ADA by failing to accommodate her disability and by retaliating against her

21   for engaging in protected activity.

22   **II.    Legal Standards**

23         Defendants have moved to dismiss the amended complaint for lack of subject-matter

24   jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and for failure to state a

25   plausible claim to relief under Rule 12(b)(6). (Doc. 16.) Rule 12(b)(1) permits a party to

26         [2] Though not attached to the amended complaint, the Court may consider the Charge
27   under the incorporation-by-reference doctrine because the Charge is a necessary
     foundation to Plaintiff's amended complaint. *See, e.g., Arizona ex rel. Goddard v. Geo
     Group, Inc.*, Nos. CV 10-1995-PHX-SRB, CV 10-2088-PHX-SRB, 2011 WL 13137316,
28   at *3 (D. Ariz. Apr. 11, 2011) (considering at the motion to dismiss stage an EEOC charge
     under the incorporation-by-reference doctrine).

1  raise lack of subject-matter jurisdiction in a motion to dismiss. Under Rule 12(b)(6), the

2  Court's task "is to evaluate whether the claims alleged [plausibly] can be asserted as a

3  matter of law." *See Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also*

4  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A self-represented litigant's "pleadings must

5  be read more liberally than pleadings drafted by counsel," and before the Court dismisses

6  a self-represented litigant's complaint, the Court must provide "an opportunity to amend it

7  if the deficiencies can be cured[.]" *Smallwood v. NCsoft Corp.*, 730 F.Supp.2d 1213, 1222

8  (D. Hawai'i 2010).

9  **III.    Analysis**

10  Defendants' motion raises five arguments: the Court lacks jurisdiction because (1)

11  Plaintiff failed to initiate this lawsuit within 90 days of receipt of her Notice of Right to

12  Sue letter, (2) nearly all the allegations in the amended complaint occurred outside the 300-

13  day period before she filed her EEOC Charge, (3) Plaintiff failed to exhaust her

14  administrative remedies as to her retaliation claim because she did not present that claim

15  to the EEOC, and (4) Plaintiff failed to exhaust her administrative remedies as to Maxim

16  Healthcare Staffing Services because she did not name this entity as a respondent in her

17  EEOC Charge; but even if the Court has jurisdiction, (5) the amended complaint fails to

18  state any plausibly cognizable claims under the ADA. (Doc. 16 at 2-3.)

19  **A.  Plaintiff timely filed her lawsuit.**

20  The ADA requires that a plaintiff file a lawsuit within 90 days after receiving a

21  Notice of Right to Sue letter. 42 U.S.C. §§ 2000e-5(f)(1), 12117(a). "Courts apply the

22  ninety-day time limit strictly and will dismiss a suit for missing the deadline by even one

23  day." *Wiley v. Johnson*, 436 F.Supp.2d 91, 96 (D.D.C. 2006).

24  Plaintiff alleges that she received her Notice of Right to Sue letter on February 28,

25  2023 (Doc. 10 at 5), making May 29, 2023, her statutory deadline for filing this lawsuit.

26  That day, however, was legal holiday—Memorial Day. Under Federal Rule of Civil

27  Procedure 6(a)(1)(C), Plaintiff's deadline automatically continued until the next day, which

28  is when Plaintiff filed her original complaint. This action therefore is timely.

**B. Plaintiff failed to exhaust her administrative remedies with respect to her retaliation claim.**

Plaintiff cannot pursue her retaliation claim against Defendants because she did not exhaust her administrative remedies with respect to this claim by first raising it in a charge with the EEOC. "Title I of the ADA invokes the same powers, remedies and procedures as those set forth in Title VII." *Walsh v. Nevada Dep't of Human Res.*, 471 F.3d 1033, 1038 (9th Cir. 2006) (quotations and citations omitted). "Title VII claimants generally establish federal court jurisdiction by first exhausting their EEOC administrative remedies." *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990). "Incidents of discrimination not included in an EEOC charge may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge." *Green v. Los Angeles Cnty. Superintendent of Schools*, 883 F.2d 1472, 1475-76 (9th Cir. 1989) (quotations and citations omitted).

Plaintiff's Charge includes no allegations of retaliation. She did not check the box for retaliation. She only checked the box for discrimination, and her Charge alleges that this discrimination took the form of the denial of reasonable accommodations for her disabilities. (Doc. 16 at 18.) "Given the information in the EEOC Charge, an investigation of the retaliation claim Plaintiff now brings could not reasonably be expected to grow out of the investigation of [her] discrimination claims," and "[t]his Court therefore lacks jurisdiction to hear, and therefore must dismiss, Plaintiff's ADA retaliation claim." *Dugay v. Complete Skycap Services, Inc.*, No. CV-10-2404-PHX-GMS, 2011 WL 3159171, at *5 (D. Ariz. July 26, 2011).

**C. Plaintiff's charge adequately named Maxim Healthcare Staffing Services.**

Defendants argue that Plaintiff has not exhausted her administrative remedies as to Maxim Healthcare Staffing Services because she did not bring an EEOC Charge against this defendant; she named only Maxim Healthcare Services in her Charge. This is a close call, but at this stage the Court resolves it in Plaintiff's favor. The Court "must construe the charge liberally." *Sosa*, 920 F.2d at 1456. The Charge identifies the respondent as "Maxim

Healthcare Services." But the address it lists for Maxim Healthcare Services is the same address that the amended complaint lists for Maxim Healthcare Staffing Services. (*Compare* Doc. 16 at 18 *with* Doc. 10 at 2.) The Court also notes that in this action, Defendants were served by personally delivering a summons on the same individual at the same address (Docs. 14-15), and Defendants' corporate disclosure statement indicates that Defendants both are wholly owned subsidiaries of Maxim Healthcare Services Holdings, Inc. (Doc. 17). This suggests that an EEOC Charge served on Maxim Healthcare Services likely apprised both entities of Plaintiff's allegations. Liberally construing the Charge in Plaintiff's favor, the Court finds (at least for present purposes) that the Charge reasonably could be read to encompass Maxim Healthcare Staffing Services.

**D.  Allegations of discrimination prior to February 23, 2021, are time-barred.**

Plaintiff cannot pursue her discrimination claim to the extent those claims are predicated on allegations that occurred more than 300 days before she filed her EEOC Charge. Before filing an ADA discrimination claim, a plaintiff "must file a charge within the statutory time period and serve notice upon the person against whom the charge is made." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002). "In Arizona, . . . a plaintiff must file his or her charge with the EEOC no later than 300 days after the last date of discrimination." *Rush-Shaw v. USF Reddaway, Inc.*, No. CV 12-0941-PHX-JAT, 2013 WL 3455723, at *3 (D. Ariz. July 9, 2013). Plaintiff filed her EEOC Charge on December 20, 2021, meaning allegations of discrete discriminatory acts prior to February 23, 2021, are outside the 300-day statutory period. A review of the complaint shows that virtually all factual allegations occurred before February 23, 2021. These allegations, which consist of a series of discrete discriminatory acts (such as not providing time off, not reassigning Plaintiff to a new school, not removing the student from her classroom, or not providing her with a security escort), are not actionable because Plaintiff did not timely raise them in an EEOC Charge. *See Chandler v. DeJoy*, No. CV-20-00924-PHX-DWL, 2021 WL 673289, at *9 (D. Ariz. Feb. 22, 2021).

**E. Plaintiff's remaining allegations do not plausibly state a failure to accommodate claim, but Plaintiff is entitled to an opportunity to amend.**

To adequately plead a failure to accommodate claim, Plaintiff must allege facts plausibly showing that she (1) is disabled within the meaning of the ADA, (2) is a qualified individual able to perform the essential functions of her job with or without reasonable accommodation, and (3) suffered an adverse employment action because of her disability. *Allen v. Pac. Bell*, 348 F.3d 1113, 1114 (9th Cir. 2003). The ADA requires an employer to provide a qualified individual with a disability with a reasonable accommodation. *See* 42 U.S.C. § 12112(b)(5)(A). A "qualified individual" is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

The four factual allegations in the amended complaint that post-date February 23, 2021, are not on their own sufficient to support a failure to accommodate claim. Two allegations relate not to Plaintiff's discrimination claims but to her unexhausted retaliation claims. Plaintiff alleges that in July 2021, Defendants asked the ICA to revoke her award and thereafter did not issue award payments, and that in November 2022, Defendants refused to complete certain PSLF forms. These allegations are not actionable, however, because Plaintiff did not raise a retaliation claim in her EEOC Charge. The remaining two allegations might relate to her failure to accommodate claim, but the connection is not entirely clear based on how the amended complaint is drafted. First, Plaintiff alleges that in October 2021, Defendants asked her to attend a self-defense class developed for law enforcement, but her medical providers advised her not to attend because the class was not geared toward educators specifically. Second, Plaintiff alleges that in November 2021, she requested that Defendants provide her with an ADA accommodation form, but they refused, so she obtained a form from her physicians instead. (Doc. 10 at 13.) What's more, Defendants correctly note that the amended complaint does not allege the essential functions of Plaintiff's job or that she could perform those functions with or without

accommodation. The amended complaint therefore must be dismissed because the non-time-barred allegations do not state a plausible failure to accommodate claim.

The Court will afford Plaintiff an opportunity to amend, however, because it is possible that Plaintiff could cure these deficiencies by pleading additional facts. For example, Plaintiff might be able to amend her complaint to allege the essential functions of her job and whether she can perform those functions with or without accommodation. It also is possible that she could plead additional facts establishing discriminatory acts occurring after February 23, 2021. Defendants have not persuaded the Court that further amendment would be futile. Accordingly,

**IT IS ORDERED** as follows:

1. Defendants' motion to dismiss (Doc. 16) is **GRANTED**.

2. Plaintiff may file an amended complaint by no later than **October 18, 2024**. Any such amended complaint shall be limited to the discrimination claims that Plaintiff presented to the EEOC in her Charge, and to alleged discriminatory acts (if any) that occurred after February 23, 2021.

3. The Clerk of the Court is directed to terminate this case without further order of the Court if Plaintiff does not file an amended complaint by the deadline stated herein.

Dated this 23rd day of September, 2024.

Douglas L. Rayes
Senior United States District Judge